**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4125**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MARCUS RICHARDSON, a/k/a Dank,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (5:11-cr-00121-FL-2)

_____

Submitted:  November 20, 2012        Decided:  November 26, 2012

_____

Before TRAXLER, Chief Judge, and SHEDD and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Richardson, who pled guilty without a plea agreement to one count of possession of a firearm by a felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2012), appeals his seventy-four-month upward variant sentence. Richardson argues on appeal that the district court erred when it imposed his sentence because he asserts that his prior criminal conduct was adequately considered in his criminal history score, and that the district court abused its discretion with regard to the extent of the variance from his Guidelines range. Finding no error, we affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, ___ S. Ct. ____, 2012 WL 2154910 (2012); see Gall v. United States, 552 U.S. 38, 51 (2007). When the district court imposes a departure or variant sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set

2

forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alteration omitted), cert. denied, 131 S. Ct. 2946 (2011).

"The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51. "This deference is due in part because the sentencing judge is in a superior position to find facts and judge their import and the judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." Diosdado-Star, 630 F.3d at 366 (internal quotation marks, brackets and citation omitted); see Rita, 551 U.S. at 357–58 (recognizing that the district court also "has access to, and greater familiarity with, the individual case and the individual defendant before [the court] than the Commission or the appeals court").

Because the district court identified its reasons for the above-Guidelines sentence, which was based on the Sentencing Guidelines, the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2012) factors, and related to the particular facts of Richardson's

3

case, we conclude that Richardson's sentence is reasonable.  See King, 673 F.3d at 284 (concluding that upward variant sentence was reasonable as it was adequately supported by reference to the § 3553(a) factors that "the court determined required the sentence ultimately imposed"); Diosdado-Star, 630 F.3d at 366-67 (holding that a more than six-year upward variant sentence was substantively reasonable because district court expressly relied on the § 3553(a) factors to support the variance).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4